G., H. & S. A. R'Y Co. v. G. J. & J. W. BOOTHE.

(No. 2501.)

APPEAL from Gonzales County.    Opinion by WILLSON, J.

W. N. SHAW, counsel for appellant.

W. M. ATKINSON, counsel for appellee.

§ **364.** *Notice of injury to live-stock shipped; stipulation for, in contract of affreightment; former decisions modified.* Appellees shipped cattle over appellant's line of railway from Harwood, Texas, to New Orleans, Louisiana. Some of the cattle were not delivered at New Orleans, and those delivered were in a damaged condition. Appellee brought this suit to recover the value of the lost cattle and damages for injury to those delivered, and recovered judgment for $298 and costs. The contract of affreightment contains the usual stipulation as to notice to the company of loss or injury to the cattle, and such notice was not given. Appellant requested the court to charge in effect that if such notice had not been given the jury must find for the defendant. Said charge was refused, and the refusal thereof is assigned as error. *Held:* It has been repeatedly held by this court that such a stipulation in a contract of affreightment, which contract was not to be performed wholly within this state, is valid, legal and binding upon the shipper — not being inhibited by article 278, Revised Statutes, and being a reasonable stipulation. [1 App. C. C. §§ 374, 1257; 2 App. C. C. §§ 136, 137, 324, 330, 496; *ante,* § 41.] These decisions, however, have been qualified and limited by a subsequent decision of the supreme court, where it is said: "If a carrier sets up a claim to notice of a given fact, as a condition upon which its liability to a shipper is to depend, then it is incumbent upon it, when the notice was to be given to one of its own officers or agents, to show that it had an officer or agent at or near the place where the notice is to be given, in any case in which the shipper is to hold the property shipped at the place of delivery, at his own expense and risk, until it can be inspected by some agent of the carrier." [R'y Co. v. Harris, 67 Tex. 166.] And said decision goes further, and questions the validity of such a stipulation unless the officer or agent to whom the notice is to be given is specified and made certain by the contract itself. It clearly states the rule to be that where the carrier relies upon

such stipulation as a defense, it must allege and prove the reasonableness of the same by showing that such carrier had an officer or agent at or near the place at which the property was to be delivered, to whom the notice could have been given; and that, in the absence of such allegation and proof, it will not be presumed that such was the fact; and that, without proof of the existence of such fact, such stipulation must be held unreasonable and invalid. The effect of said decision is: 1. Such a stipulation is not valid unless it is shown to be reasonable in the particular case. 2. It devolves upon the carrier to allege and prove facts which show the stipulation to be reasonable. 3. In the absence of such allegation and proof such stipulation will be regarded as unreasonable and invalid. In this case and hereafter this court will follow the rules above stated. In this case there was neither allegation nor proof of facts showing the stipulation as to notice to be reasonable, and the requested charge was properly refused.

March 7, 1888.                          Affirmed.